IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

GEM Industrial, Inc.,            Case No. 3:08 CV 2991

         Plaintiff,            O R D E R

      -vs-              JUDGE JACK ZOUHARY

SunTrust Bank, et al.,

         Defendants.

This matter is before the Court on Defendants Paladin Capital Group, LLC and Paladin Homeland Security Fund, L.P.'s (collectively, "Paladin") Motion to Dismiss (Doc. No. 14). Defendant SunTrust joins in the Motion (Doc. No. 22). Plaintiff has opposed (Doc. No. 15) and Paladin has replied (Doc. No. 19).

The Complaint in this case sets forth four counts: (1) breach of contract / estoppel; (2) unjust enrichment; (3) negligent misrepresentation; and (4) declaratory judgment. Plaintiff concedes it has no separate cause of action for equitable estoppel (Doc. No. 15, p. 6; Doc. No. 19, p. 6). At the Case Management Conference, Plaintiff also conceded there was no independent basis for declaratory relief as stated in Count Four.

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The moving party has the burden of proving that no claim exists. Although a complaint is to be liberally construed, it is still necessary that the complaint contain more than bare assertions or legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.

1993) (*citing Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party. 2 MOORE'S FEDERAL PRACTICE, § 12.34[1][b] (Matthew Bender 3d ed. 2003). The Court need not, however, accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). To survive a motion to dismiss, the complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court finds that Plaintiff has stated a sufficient cause of action under the *Twombly* test for breach of oral contract (Count One) and negligent misrepresentation (Count Three). The factual allegations support a claimed right to relief that is more than speculative. However, the claim for unjust enrichment (Count Two) fails because the Complaint "neither identifies the purported 'benefit' that was conferred upon Paladin by GEM's actions, nor alleges the requisite 'causal connection' between Paladin's supposed benefit and GEM's detriment" (Doc. No. 19, p. 8).

For the above reasons, this case will proceed on the allegations of breach of contract and negligent misrepresentation.

IT IS SO ORDERED.

                                                 s/ *Jack Zouhary*
                                                 JACK ZOUHARY
                                                 U. S. DISTRICT JUDGE

April 14, 2009